IN THE UNITED STATES BANKRUTPCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | ) | Bank. Case No.: 24-21091-GLT |
| | ) | |
| FINISH ROBOTICS, INC., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | Hearing Date and Time: Dec. 5, 2024 at |
| MICHAEL DONOHUE, | ) | 10:00 a.m. |
| | ) | |
| Chapter 7 Trustee, | ) | |
| | ) | Response Deadline: Nov. 18, 2024 |
| v. | ) | |
| | ) | |
| FI FUND I, A SERIES OF 99 TARTANS LP, | ) ) | |

## TRUSTEE'S RESPONSE TO OBJECTION TO PROOFS OF CLAIM

AND NOW, comes Crystal H. Thornton-Illar, the Chapter 7 Trustee (the "Trustee") and files this Response to Objection to Proofs of Claim, respectfully making application to this Bankruptcy Court as follows:

1. On May 3, 2024, Finish Robotics, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7, of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania at the above-captioned case number (the "Bankruptcy Case").

2. On May 6, 2024, the Trustee was appointed.

3. The 341 Meeting of creditors was held on June 24, 2024.

4. On August 21, 2024, FI Fund I, a Series of 99 Tartans, LP ("FI Fund") filed Proof of Claim No. 9-1 ("Claim 9-1"), which consists of a general unsecured claim in the amount of $186,378.00. Claim 9-1 is signed by Robert Myer IV and is based on a

convertible Promissory Note dated August 2, 2023 between Finish Robotics, Inc. and FI Fund in the amount of $168,595.

5. On August 27, 2024, the FI Fund filed Proof of Claim No. 11-1 ("Claim 11-1"), which consists of a general unsecured claim in the amount of $181,066.31. Claim 11-1 is signed by Joshua Cowdin and is based on a Convertible Promissory Note dated July __ 2023 between Finish Robotics, Inc. and the FI Fund in the amount of $168,595.

6. On November 6, 2024, Michael Donohue filed an Objection to Proof Claim No. 9 and 11 (the "Claim Objection"), whereby he seeks, among other things, to disallow Claims No. 9 and 11 as being duplicative.

7. The Trustee agrees that these claims appear to be duplicative claims filed by separate people involved in the FI Fund. The convertible note attached Claim 11-1 and Claim 9-1 appears to be the same. The DocuSign Envelope ID appears to be the same on both documents.

8. Therefore, the Trustee agrees that Claim 11-1 should be disallowed as duplicative.

9. The Trustee takes no position regarding whether Claim 9-1 should be disallowed due to lack of consideration. The Trustee is investigating this assertion and reserves all rights to further object to Claim 9-1.

    **WHEREFORE**, the Trustee requests that Claim 11-1 be disallowed for being duplicative.

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Date: November 18, 2024          By: /s/ *Crystal H. Thornton-Illar*
                                 Crystal H. Thornton-Illar
                                 PA I.D. No. 93003
                                 cthornton-illar@leechtishman.com
                                 525 William Penn Place, 28th Floor
                                 Pittsburgh, Pennsylvania 15219
                                 (412) 261-1600