# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FINISH ROBOTICS, INC., | ) | Bankruptcy Case No. 24-21091-GLT |
|     Debtor. | ) | Chapter 7 |
| | ) | |
| _____ | ) | Hearing Date & Time: May 29, 2025 |
| | ) | at 10:00 a.m. |
| CRYSTAL H. THORNTON-ILLAR, | ) | |
| Chapter 7 Trustee of Finish Robotics | ) | |
| Inc., | ) | Response Date: May 20, 2025 |
| | ) | |
|     Movant, | ) | |
| | ) | |
|     v. | ) | |
| ADVANCED CONSTRUCTION | ) | |
| ROBOTICS, INC.; COMMONWEALTH | ) | |
| OF PA, DEPARTMENT OF LABOR AND | ) | |
| INDUSTRY; JOSEPH LOSINSKI, | ) | |
| AMAZON; ANDREW KUZNESKI, III; | ) | |
| BREX BANK ACCOUNT; CARNEGIE | ) | |
| MELLON UNIVERSITY; COLUMBIA | ) | |
| GAS; COMCAST; DUQUESNE LIGHT | ) | |
| COMPANY; EDWARD ENGLER; FANUC | ) | |
| AMERICA CORPORATION, FI FUND I, | ) | |
| a series of 99 Tartans, LP; FINISH | ) | |
| ROBOTICS, a series of Master Fund 500; | ) | |
| INNOVATION WORKS; LEAD PENCIL, | ) | |
| LLC; LONE OAK TECHNOLOGY, LLC; | ) | |
| MICROSOFT; PITT CREW III, LLC; | ) | |
| PRIMEPAY; QUICKBOOKS; REED | ) | |
| SMITH, LLP; RICKY HOUGHTON; | ) | |
| ROBERT MEYER III; ROBERT MEYER | ) | |
| VI; SEWICKLEY WATER AUTHORITY; | ) | |
| TANGO VC; YIBO XING, MICHAEL | ) | |
| DONOHUE; FI5 Fund I, a series of RollUp | ) | |
| Vehicles, LP; ANDREW KUZNESKI III; | ) | |
| and ZR INVESTMENTS | ) | |
| | ) | |
|     Respondents. | ) | |

**TRUSTEE'S MOTION FOR SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF THIRD-PARTY INTERESTS, LIENS, CLAIMS, CHARGES, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b) AND APPROVAL OF BREAK-UP FEE AND EXPENSE REIMBURSEMENT**

Crystal H. Thornton-Illar, the Chapter 7 Trustee of Finish Robotics, Inc. (the "Chapter 7 Trustee" or "Seller"), hereby files this Motion for Sale of Substantially All of the Debtor's Assets Free and Clear of Third-Party Interests, Liens, Claims, Charges, and Encumbrances Pursuant to 11 § U.S.C. 363(b) and Approval of Break-up Fee and Expense Reimbursement (the "Sale Motion") respectfully representing as follows:

## JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue of this case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 363, 365, and 506(c) of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure Rules 2002, 6004, and 6006, and the Local Rule of Bankruptcy Procedure 6004-1.

## BACKGROUND

4.  On May 3, 2024 (the "Petition Date"), Finish Robotics, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") at the above-captioned case number (the "Bankruptcy Case").

5.  On May 6, 2024, Crystal H. Thornton-Illar was appointed as the Chapter 7 Trustee.

2

4929-0139-2445, v. 1

6. Prior to the Petition Date, the Debtor operated a robotics business. The Debtor owns personal property and intellectual property that the Trustee seeks authority to sell by way of this Sale Motion.

7. To that end on or about April 28, 2025, the Chapter 7 Trustee entered into an Asset Purchase Agreement with Premier FR, LLC (the "Purchaser") for the purchase of substantially all of the assets of the Debtor (the "Assets") for the purchase price of $75,000.00 (the "Purchase Price") A copy of the Asset Purchase Agreement is attached here to as Exhibit "A" (the "APA").

8. The Debtor's assets that are excluded from the sale are specifically delineated in the APA and include, but are not limited to, the following:

    a. all accounts receivable;

    b. all cash and cash equivalents;

    c. all personnel files;

    d. all avoidance claims under chapter 5 of the Bankruptcy Code;

    e. all rights to refunds; and

    f. all rights under the APA.

9. Pursuant to the APA, the Debtor's Assets will be sold on an **"As Is, Where Is"** basis with no warranties of any kind.

10. Additionally, the sale is contingent upon Bankruptcy Court approval and is subject to higher and better offers at the Sale Hearing (as defined below).

11. As of the Petition Date, the Debtor's assets were subject to the following liens:

| Creditor | Date of Lien | Collateral | Scheduled Amount | Proof of Claim Amount |
|---|---|---|---|---|
| Advaned Construction Robotics, Inc. | 4/2024 | All Assets of the Debtor | $50,000 | $50,204.17 |
| Joe Losinski[1] | 10/27/2021 | Unknown | Unknown | Unknown |
| | | **TOTAL** | | **$50,204.17** |

12.     The naming of any person or entity as a Respondent does not constitute the Chapter 7 Trustee's or the bankruptcy estate's agreement that such entity holds a valid allowable claim or interest.  The Chapter 7 Trustee reserves the right to object to any claim or interest asserted against the Assets.

13.     The Chapter 7 Trustee believes that the sale of the Assets pursuant to Section 363 of the Bankruptcy Code is in the best interests of the Debtor's estate and its creditors.  Therefore, Chapter 7 Trustee seeks authority from the Bankruptcy Court to sell the Assets.

## THE SALE PROCESS

14.     Prior to the filing of the Sale Motion, the Chapter 7 Trustee marketed the Assets by contacting various robotic companies that the Debtor's principals suggested may be interested in the Assets as well as several companies that work in selling distressed assets.  The Trustee showed the assets to several prospective buyers. Two entities made offers to the Trustee for the Assets, but the offer from the Purchaser was the best offer received by the Trustee for the Assets. Nevertheless, the sale of the Assets remains subject to higher and better offers at the Sale Hearing (as defined below).

---

[1] There is a UCC-1 filed on behalf of Mr. Losinski, but the Chapter 7 Trustee has no information on what, if anything, is owed to Mr. Losinski.

4929-0139-2445, v. 1

15. Should another prospective bidder appear at the Sale Hearing, the Chapter 7 Trustee requests that the Court conduct an auction for the sale of the Assets.

16. The hearing on the Sale Motion is scheduled for May 29, 2025 (prevailing Eastern Time) before the Honorable Gregory L. Taddonio, United States Bankruptcy Court for the Western District of Pennsylvania, Courtroom A, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA, and may be adjourned from time to time (the "Sale Hearing").

17. Any potential bidder may obtain a detailed description of the Assets from the Chapter 7 Trustee, cthornton-illar@leechtishman.com or 412-261-1600. Further, the Chapter 7 Trustee will make the Assets available for inspection by any potential bidder who contacts her to schedule an appointment.

18. In the event that any bidder attends the Sale Hearing, the Bankruptcy Court will conduct an auction (the "Auction") for the Assets at the Sale Hearing. The hearing to approve a successful bidder will take place immediately after the conclusion of the Auction or as soon as practicable.

19. The sale of the Assets shall be "**AS IS**", "**WHERE IS**" without any representations or warranties of any kind, including but not limited to implied warranties of merchantability and/or fitness for a particular purpose.

20. Further, the participation of the Purchaser or any bidder in the sale process shall constitute an agreement and representation that the Purchaser or bidder has inspected the Assets and is purchasing the same solely on the basis of that inspection and not as the result of any representation of any kind by the Debtor, the estate, or the Chapter 7 Trustee, or any of their agents.

21. The successful bidder (the "Successful Bidder") if not the Purchaser shall be required to make a nonrefundable deposit in the amount of $7,500 at the time of the Sale Hearing

5

and demonstrate their ability to close with the balance of the purchase price to be paid at closing, which shall occur no later than sixty (60) days from the date of the order approving the sale becoming a final, non-appealable order or such other mutually agreeable time with all such payments to be via cash or check with **TIME BEING OF THE ESSENCE**.

22. Any competing bid at the time of the sale hearing must exceed the Purchase Price by $10,000 with subsequent bids made in increments of $1,000.00.

23. If the Purchaser is not the Successful Bidder at the auction, the Seller shall pay to the Purchaser a break-up fee of $2,500 (the "Break-up Fee") and reimburse Purchaser for its verified costs and expenses, including attorneys' fees, in an amount not to exceed $2,500 (the "Expense Reimbursement"). The Break-up Fee and Expenses Reimbursement will be deemed to be an allowed administrative expense immediately payable from the sale proceeds after closing on the sale of the Assets to the Successful Bidder.

24. Possession of the Assets shall be delivered at closing, but the ultimate buyer of the Assets will be responsible for removing the Assets from their current location.

25. The proceeds of the sale will be distributed to creditors pursuant to further order of Court.

## RELIEF REQUESTED

26. The Trustee believes that the best interest of the bankruptcy estate and its creditors will be served by a sale of the Assets, free and clear of all third-party interests, liens, claims, and encumbrances against the same.

27. The Chapter 7 Trustee respectfully requests that this Bankruptcy Court: (a) authorize the sale of the Assets to the Purchaser, or Successful Bidder, free and clear of all third party interests, liens, claims, encumbrances, or other interests pursuant to Sections 363(b), 363(f),

4929-0139-2445, v. 1

363(m), and 365 of the Bankruptcy Code, with such liens, claims, rights, interests, and encumbrances attaching to the sale proceeds of the Assets with the same validity, priority, extent, and perfection as existed prior to such sale and (c) grant such other relief as may be necessary or appropriate.

28. Filed with the Sale Motion is a proposed form sale order the ("Sale Order"), which the Chapter 7 Trustee requests that this Bankruptcy Court enter at conclusion of the Sale Hearing, as may be amended or modified.

29. Section 363(b)(1) of the Bankruptcy Code states: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

30. To approve the use, sale, or lease of estate property outside the ordinary course of business, the Court must find some articulated business justification for the proposed action. *See In re Abbotts Dairies of PA. Inc.*, 788 F.2d 143, 145-47 (3d Cir. 1986) (implicitly adopting the articulated business justification and good faith tests of *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Circ. 1983)). *See also In re Del. & Hudson Ry. Co.,* 124 B.R. 169, 175-76 (D, Del, 1991) (concluding the Third Circuit had adopted the "sound business purpose test" in *Abbotts Dairies*).

31. Generally, courts examine the following four factors when determining whether a sale of the debtor's assets should be approved: (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been negotiated in good faith; and (d) whether adequate and reasonable notice is provided. *See Lionel*, 722 F.2d at 1071; *Abbotts Dairies*, 788 F.2d at 145-57 (implicitly adopting

7

the "sound business purpose test" with the addition of the good faith requirement); D*el. & Hudson Ry.*, 124 B.R. at 176.

32. In this Bankruptcy Case, the sale of the Assets serves a sound business purpose. The sale is designed to monetize the Assets so the proceeds can be distributed to creditors. The Assets have been marketed since May 2024 and the best offer made to the Trustee is that of the Purchase Price made by the Purchaser. However, the Assets remain subject to higher and better offers up until the Sale Hearing.

33. The Trustee believes and, therefore, avers that the method of sale is fair and reasonable and in the best interest of the estate. Further, the Trustee believes that a higher and better price would not be obtained through the continued marketing of the Assets.

34. The fairness and reasonableness of the consideration will ultimately be demonstrated should there be higher and better offers received prior to the Auction. Absent higher and better offers, the Chapter 7 Trustee submits that $75,000 offer is a fair and reasonable Purchase Price.

35. The Assets have been on the market since May 2024. The Trustee has shown the assets to several interested parties and received two offers for the Assets. This offer from the Purchaser was the best offer received by the Trustee.

36. The APA is the product of good faith and arm's length negotiations between the Trustee and the Purchaser.

37. The Trustee is not aware of any connection or conflict between the Debtor and the Purchaser.

38. The Truste has no connection with the Purchaser.

4929-0139-2445, v. 1

39. No prejudice will result to any party in interest because the APA and this Sale Motion will be noticed in accordance with notice provisions established by the Bankruptcy Rules and the Local Rules. Such notice has: (a) afforded all creditors and parties in interest with adequate and reasonable notice of the sale; (b) provided sufficient information regarding the sale of the Assets and the time for filing objections to the sale; and (c) met the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and legal due process.

40. Pursuant to Section 363(f) of the Bankruptcy Code:

The trustee may sell property under . . . this section free and clear of any interest in such property of an entity other than the estate, only if –

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

41. Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated in that Section will suffice to allow the sale of the Assets free and clear of all interests. To the best of the Trustee's knowledge, Section 363(f) is satisfied because the Purchase Price is greater than the aggregate value of all liens on the Assets.

42. After appropriate due diligence, the Trustee is unaware of any other liens or claims on the Assets than those set forth above.

43. Chapter 7 Trustee accordingly requests authority to sell the Assets to the Purchaser, or other successful bidder should there be an Auction, free and clear of all lies, claims, encumbrances and other interests.

9

44. Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

45. Section 363(n) of the Bankruptcy Code provides, among other things, that a trustee may avoid a sale under such section if the sale price was controlled by an agreement among potential bidders at the sale. 11 U.S.C. § 363(n).

46. While the Bankruptcy Code does not define good faith, the Third Circuit has held:

> [t]he requirement that a Buyer act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion, between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

*Abbotts Dairies*, 788 F.2d at 147 (citations omitted).

47. In this Bankruptcy Case, the APA between the Chapter 7 Trustee and the Purchaser is the product of good faith and free from self-dealing. The Chapter 7 Trustee intends to establish at the Sale Hearing that the APA was a negotiated, arms' length transaction in which the Purchaser, or the Successful Bidder if there is an Auction, has acted in good faith without any fraud or collusion of any kind.

48. The evidence at the Sale Hearing will further establish that neither the Chapter 7 Trustee nor the Purchaser, or the Successful Bidder if there is an Auction have engaged in any

4929-0139-2445, v. 1

conduct that would prevent the application of Section 363(m) of the Bankruptcy Code or allow the sale to be avoided pursuant to Section 363(n) of the Bankruptcy Code.

49. Accordingly, the Chapter 7 Trustee requests that the Court find that the Purchaser, or the Successful Bidder if there is an Auction has purchased the Assets in good faith as set forth in Section 363(m) of the Bankruptcy Code and are entitled to the protections of Section 363(m) of the Bankruptcy Code.

50. Notice of this Motion has been served on the following parties: (a) the United States Trustee for the Western District of Pennsylvania; (b) all parties known to assert a lien on the Assets and their counsel, if known; (c) all known counterparties to contracts and leases that may be assumed and assigned; (d) all entities known, as of the date of this Order, to have expressed an interest in bidding on the Debtor's Assets; (e) the state and local taxing authorities where the Debtor operates; (f) the Internal Revenue Service; (g) creditors listed on the creditor matrix associated with this case; and (h) all other parties that filed a notice of appearance and demand for service of papers in the Debtor's bankruptcy case under Bankruptcy Rule 9010(b) as of the date of entry of this Order.

51. No prior request for the relief sought herein has been made to this Bankruptcy Court or to any other court.

WHEREFORE, the Chapter 7 Trustee requests that this Bankruptcy Court enter an order authorizing the sale of the Assets to the Purchaser or their successor in interest pursuant to the APA, or to the Successful Bidder if there is an Auction, free and clear of all Interests and granting such other and further relief as is just and proper.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Date: May 3, 2025  By: */s/ Crystal H. Thornton-Illar*
Crystal H. Thornton-Illar
PA I.D. No. 93003
cthornton-illar@leechtishman.com
525 William Penn Place, 28th Floor
Pittsburgh, Pennsylvania 15219
(412) 261-1600