# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FINISH ROBOTICS, INC., | ) | Bankruptcy Case No. 24-21091-GLT |
|     Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |
| _____ | ) | Hearing Date & Time:  May 29, 2025 |
| | ) | at 10:00 a.m. |
| CRYSTAL H. THORNTON-ILLAR, | ) | |
| Chapter 7 Trustee of Finish Robotics | ) | |
| Inc., | ) | Response Date:  May 20, 2025 |
| | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | |
| ADVANCED CONSTRUCTION | ) | |
| ROBOTICS, INC.; COMMONWEALTH | ) | |
| OF PA, DEPARTMENT OF LABOR AND | ) | |
| INDUSTRY;  JOSEPH LOSINSKI, | ) | |
| AMAZON; ANDREW KUZNESKI, III; | ) | |
| BREX BANK ACCOUNT; CARNEGIE | ) | |
| MELLON UNIVERSITY; COLUMBIA | ) | |
| GAS; COMCAST; DUQUESNE LIGHT | ) | |
| COMPANY; EDWARD ENGLER; FANUC | ) | |
| AMERICA CORPORATION, FI FUND I, | ) | |
| a series of 99 Tartans, LP; FINISH | ) | |
| ROBOTICS, a series of Master Fund 500; | ) | |
| INNOVATION WORKS; LEAD PENCIL, | ) | |
| LLC; LONE OAK TECHNOLOGY, LLC; | ) | |
| MICROSOFT; PITT CREW III, LLC; | ) | |
| PRIMEPAY; QUICKBOOKS; REED | ) | |
| SMITH, LLP; RICKY HOUGHTON; | ) | |
| ROBERT MEYER III; ROBERT MEYER | ) | |
| VI; SEWICKLEY WATER AUTHORITY; | ) | |
| TANGO VC; YIBO XING, MICHAEL | ) | |
| DONOHUE; FI5 Fund I, a series of RollUp | ) | |
| Vehicles, LP; ANDREW KUZNESKI III; | ) | |
| and  ZR INVESTMENTS , | ) | |
| | ) | |
|     Respondents. | ) | |

**ORDER CONFIRMING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF THIRD-PARTY INTERESTS, LIENS, CLAIMS, CHARGES, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b) AND APPROVAL OF BREAK-UP FEE AND EXPENSE REIMBURSEMENT**

AND NOW, this _____ day of _____ 2025, upon consideration of the Chapter 7 Trustee's Motion for Sale of Substantially All of the Debtor's Assets Free and Clear of Third-Party Interests, Liens, Claims, Charges, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and Approval of Break-up Fee and Expense Reimbursement (the "Sale Motion")[1] filed at Document No. ____ after notice and a hearing held in the Bankruptcy Courtroom A 54th Floor, U.S. Steel Building, 600 Grant Street, Pittsburgh, PA 15219, the Court finds:

(1) Service of the Sale Motion and the Notice of Hearing, were proper and no further notice of the Sale Hearing is required.

(2) Sound business reasons exist for the sale of the Debtor's Assets.

(3) The marketing and solicitation of the Debtor's Assets in connection with this sale were adequate and reasonable to obtain the highest and best price for the Assets.

(4) That said Sale Hearing was duly advertised on the Court's website pursuant to W. PA LBR 6004-1(c)(2) on _____, in the _____ on _____, and in the Pittsburgh Legal Journal on _____, as shown by the Proof of Publications duly filed.

(5) That the highest/best offer received for the Assets was that of _____ (the "Buyer or "Successful Bidder") and no objections to the sale were made, which would result in cancellation of said sale.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion.

(6) That the purchase price of $_____ was a full and fair price for Assets.

(7) That the Buyer has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F2d. 143 (3d Cir. 1986).

**NOW THEREFORE**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the highest and best offer for the Assets was made by _____ with a purchase price of _____. The Successful Bidder has already or will enter into an asset purchase agreement that is the same or substantially similar to the APA attached to the Sale Motion (the "Successful Bidder APA");

It is **FURTHER ORDERED, ADJUDGED, AND DECREED** the sale of substantially all of the Debtor's Assets is hereby CONFIRMED to _____ for $_____ (the "Successful Bidder Purchase Price") free and divested of the any third-party interests, liens, claims, and encumbrances, including but not limited to successor liability,

It is **FURTHER ORDERED, ADJUDGED AND DECREED** that Crystal H. Thornton-Illar, the Chapter 7 Trustee of Finish Robotics, Inc., is authorized to make, execute, and deliver to the Successful Bidder any and all necessary documents required to transfer title to the Assets to the Buyer pursuant to the terms of sale;

It is **FURTHER ORDERED, ADJUDGED AND DECREED** that the Successful Bidder Purchase Price is the highest and best offer made for the Assets and is a full and fair price for the purchase of the Assets;

It is **FURTHER ORDERED, ADJUDGED AND DECREED** that a the sale of the Assets to the Successful Bidder is free and clear of all liens, claims, encumbrances, or other interests pursuant to Sections 363(b), 363(f), 363(m), and 365 of the Bankruptcy Code, with such

liens, claims, rights, interests, and encumbrances attaching to the sale proceeds of the Assets with the same validity, priority, extent, and perfection as existed prior to such sale;

It is **FURTHER ORDERED, ADJUDGED AND DECREED**, that the sale proceeds shall be disbursed pursuant to further Court order;

It is **FURTHER ORDERED, ADJUDGED AND DECREED** that the sale is **AS IS, WHERE IS,** with no representations and/or warranties of any kind;

It is **FURTHER ORDERED, ADJUDGED AND DECREED** entry of this sale order approving and authorizing the Trustee to enter into and comply with the terms of the Successful Bidder APA is, therefore, in the best interest of the Debtor, creditors, and the bankruptcy estate;

It is F**URTHER ORDDERED, ADJUDGED, and DECREED** that the Break-up Fee and Expenses Reimbursement set forth in the Sale Motion are reasonable and are hereby approved. To the extent the Purchaser is not the Buyer, the Purchaser has an allowed administrative claim for the Break-Up Fee in the amount of $2,500 and the Expense Reimbursement of up to $2,500 immediately payable from the sale proceeds upon closing on the sale of the Assets to the Successful Bidder;

It is F**URTHER ORDDERED, ADJUDGED, and DECREED** that the Debtor is not affiliated with the Successful Bidder and the sale was negotiated in good faith at arms' length for fair value. Accordingly, the Successful Bidder is a good faith purchaser under Section 363(m) and in accordance with the requirements of *In re Abbots Dairies of Pennsylvania, Inc*., 788 F.2d 143 (3d Cir. 1986) and as such is entitled to all of the protections afforded thereby.

It is **FURTHER ORDERED, ADJUDGED AND DECREED**

(1) Within seven (7) days of the date of this Order, the Chapter 7 Trustee shall serve a copy of the within Order on each Respondent/Defendant (i.e., each party against

whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

(2) Closing shall occur within 75 days of the date of the Successful Bidder APA, but may be extended by agreement of the Parties for another thirty days without further order of court;

(3) The Buyer can take possession of the Assets upon closing, but the Buyer is responsible for removing the Assets from their current location;

(4) Within fourteen (14) days following closing, the Chapter 7 Trustee shall file a Report of Sale;

(5) To the extent there is a discrepancy or conflict with the terms of the Sale Motion, the Successful Bidder APA, the APA, and this Sale Order, the terms of this Sale Order shall control;

(6) This Sale Order survives any dismissal or conversion of this Bankruptcy Case.

BY THE COURT

Dated: _____, 2025          _____J.
                                     Gregory
                                     United States Bankruptcy Judge