FILED
11/5/26 1:29 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNTIED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy Case No. 24-21091-GLT |
| FINISH ROBOTICS, INC., | : | |
| Debtor. | : | Chapter 7 |
| CRYSTAL H. THORNTON-ILLAR, the Chapter 7 Trustee of Finish Robotics, Inc., | : | Related to Docket No. 91 |
| Movant, | : | Hearing Date: Oct. 29, 2026 at 10:00 a.m. |
| v. | : | |
| NO RESPONDENTS. | : | Response Date: Oct. 19, 2026 |

**ORDER OF COURT APPROVING ACCOUNTANT FOR THE TRUSTEE**

On this 5th Day of November, 2026, upon consideration of the Application for Order Authorizing Trustee to Employ Accountant (the "**Application**") and upon the Verification of Eric E. Bononi, CPA, a partner in the firm of Bononi & Company, P.C. ("**Bononi**"), and the Court being satisfied that: (i) the members and associates of Bononi who will be engaged in this case do not hold or represent an interest adverse to Finish Robotics, Inc. (the "**Debtor**"), its creditors, or its Estate with respect to the matters for which the professionals will be engaged; (ii) Bononi is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code; and (iii) the employment and retention of Bononi is necessary and in the best interests of the Debtor's Estate; and it appearing that notice and service of the Application has been proper; and it appearing that no other notice of this Application need be given or that any additional service need be made; and good and sufficient cause appearing therefore, it is, hereby **ORDERED, ADJUDGED, and DECREED** as follows:

(1) that the Application is granted in all respects;

(2) Bononi & Company, P.C., 20 North Pennsylvania Ave., Suite 201, Greensburg, PA 15601, is hereby appointed as accountant for the Trustee in this bankruptcy proceeding as of the date of the filing of the Application for the reasons set forth in the Application;

(3) Professional persons or entities performing services in this case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well, including: the time and labor reasonably required, the novelty and difficulty of the issues presented, the skill requisite to perform the service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation, and ability of the professional involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

(4) Approval of any application for appointment of a professional in which certain fees are requested for various identified professionals is not an agreement by the Bankruptcy Court to allow such fees at the requested hourly rates and is not a preapproval of compensation pursuant to 11 U.S.C. § 328(a). Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates based on application of the above-mentioned factors in granting approval by Court Order. Any retainer paid to is unaffected by this Order and remains property of the Estate until further order of Court.

BY THE COURT:

The Honorable Gregory L. Taddonio drb
United States Bankruptcy Judge

# ENTERED BY DEFAULT